## J. Warren S. Dey, Appellant, *v.* Emelie Nason et al., Respondents.

The parties entered into a contract by which defendants agreed to sell and convey to plaintiff certain lands described as lying and being in L. O. county, Texas ; in exchange for which plaintiff agreed to convey certain lands in this State. It was stipulated that T., an agent for plaintiff, should go to Texas and examine the lands there, to ascertain if they were as represented by defendants; deeds were to be executed and left in escrow to be delivered in case T. approved of the purchase and the titles were found correct, etc. The agreement stated that it was made upon the express agreement that in case T. did not approve of the exchange after such personal examinations the contract was " to become and be null and void." T. proceeded to Texas and there ascertained that defendants owned no such lands as they described in their deed. In an action to recover T.'s charges for his services and expenses, no fraud was imputed to defendants, but it was substantially conceded that they were innocently mistaken. *Held,* that the plaintiff's right to recover must rest either upon fraud or warranty; that no warranty on the part of defendants of ownership of the lands described could be implied; and, as no fraud was claimed, that no legal wrong had been suffered by plaintiff; and that the action was not maintainable.

(Submitted June 17, 1885 ; decided October 6, 1885.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made March 15, 1883, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought to recover damages for an alleged breach of contract for the sale of land.

By the contract the parties agreed to sell and exchange lands as follows: Defendants agreed to sell and convey to plaintiff lands described as "lying and being in the county of Live Oak and State of Texas, known and distinguished as French, formerly Barton Ranch, situate on the Rio Neuces and San Piedras." Plaintiff agreed to convey in exchange certain premises in the city of New York. Deeds of the respective lands were to be executed and left in escrow, to allow the plaintiff "to have the aforesaid ranch examined to see and ascertain the fact of its being as represented, and the purchase approved by Isaac Shelby Tevis Esq., of Kentucky" who, the contract provided, was to visit the premises and examine the same personally. The agreement then contained this clause:

"And this agreement is made and executed upon the express condition that it shall not be binding upon the said party of the second part unless confirmed and approved by said Isaac Shelby Tevis, Esq., after a personal examination made and had by him, and in case the said Tevis shall approve of such purchase and exchange, then this agreement to convey the hereinbefore mentioned premises shall be and become binding upon said party of the second part, his heirs, executors and assigns, otherwise to become and be null and void."

Mr. Tevis went to Texas, but after diligent search failed to find any such lands as were described in the contract located in Live Oak county, and upon the trial defendants conceded that they had no lands in that county. Tevis rendered to plaintiff an account of what he had discovered, with a bill for his services and expenses, which plaintiff sought to recover in this action. No fraud on the part of the defendants was proved or claimed.

*Gilbert O. Hulse* for appellant. The agreement was a valid and legal obligation, though it contained a clause by which plaintiff could renounce it. (Chit. on Cont. 8, 14 [11th Lond. ed.]; Add. on Cont. 40; *Eskridge* v. *Glover*, 9 Ala. 264 [old series]; *Humphrey* v. *Caravalho*, 16 East, 44; *Hussey* v. *Horne-Payne*, 4 Abb. Ca. 311, 321 [H. of L.]; *Gray* v. *Central R. R. Co.*, 11 Hun, 70; *Heron* v. *Davis*, 3 Bosw. 336; *Ellis* v. *Mortimer*, 4 B. & P. 257; *Aiken* v. *Hyde*, 99 Mass. 183; *Williams* v. *Edwards*, 2 Sim. 78.) The defendants will not be permitted to declare the agreement null and void, when they are in default and thus take advantage of their own wrong to the damage of the plaintiff. (*Roehner* v. *Knick. L. Ins. Co.*, 63 N. Y. 160; *Brogden* v. *Marriot*, 2 Bing. N. C. 473; Chit. on Cont. 6, 7, 14 [11th Lond. ed.]; Add. on Cont. 17 [8th ed.].) The agreement was binding upon the defendants, viewing it as a mere proposal until retracted by them, which could not be done after Mr. Tevis had visited Texas. (Add. on Cont. [8th ed.] 17; Chit. on Cont. [11th Lond. ed.] 12.) A proposal once made is always open for acceptance until it is withdrawn to the knowledge of the other party, and such other party has the option of accepting the proposal until the moment when he receives notice of withdrawal. (*Byrne* v. *Leon Van Tienhover*, 49 L. J. C. P. 316; *Stevenson* v. *McLean*, 5 Q. B. Div. 346.) If there had been a mutual abandonment or cancellation of the agreement, yet the defendants would be liable because the expenses were incurred before the rescission or abandonment. (*Roe* v. *Conway*, 74 N. Y. 201; *Scofield* v. *McGregor*, 63 id. 638.) The liability of the defendants for the expenses incurred would not be altered, whether the agreement contained the objectionable provisions or not; inability of the defendants to perform does not excuse them from liability to the plaintiff for expenses incurred by him in his efforts to perform the contract. (*Pratt* v. *Ellis*, C. R., 45 Geo. 3, reported in the appendix to Sugden on Vendors, No. 7; *Jones* v. *Dyke*, id.; *Leggett* v. *Mut. L. Ins. Co.*, 53 N. Y. 394; *Cockroft* v. *N. Y. & N. H. R. R. Co.*, 69 id. 201; *Bigler* v. *Morgan*, 77 id. 320; *Norwood* v.

*Barcalow*, 6 Daly, 117; *Holland* v. *Eyre*, 2 Simmons & S. 194; Chit. on Cont. [11th Lond. ed.] 12.)

*James L. Bishop* for respondents.   No contract for the sale of the Texas lands was concluded.   (Chit. on Cont. [11th ed.] 20; *Cook* v. *Oakley*, 3 Term R. 653; *Routledge* v. *Grant*, 4 Bing. 653; *Brogden* v. *Marriott*, 2 Bing. N. C. 473; *Eskridge* v. *Glover*, 5 S. & P. [Ala.] 264; *Warner* v. *Willington*, 3 Drew. 523; *Potts* v. *Whitehead*, 5 C. E. Green, 55; 8 id. 512; *Lester* v. *Jewett*, 12 Barb. 502; *Tucker* v. *Woods*, 12 Johns. 190; *Dickinson* v. *Dodd*, L. R., 2 Ch. Div. 463.)   The approval of Tevis was a condition precedent to the binding obligation of the contract.   (*Stow* v. *Wadley*, 8 Johns. 124.)   The contract by its terms became null and void, and cannot support an action.   (*Henry* v. *Root*, 33 N. Y. 537; *Williams* v. *Edwards*, 2 Sim. 78.)   The contract was re-scinded.   (*Hildreth* v. *Buell*, 18 Barb. 107; *Scofield* v. *Mc-Gregor*, 63 N. Y. 638.)   As it is conceded that defendants were free from fraud, plaintiff can recover only actual ex-penses occasioned by the breach.   (*Cockroft* v. *N. Y. & N. H. R. R. Co.*, 69 N. Y. 201.)

ANDREWS, J.   By the terms of the written contract the plaintiff was not to be bound, unless the exchange was approved by the plaintiff's agent, after inspection of the Texas lands described in the contract.   It provided, that if Tevis did not approve, the plaintiff's agreement to convey his premises should become null and void.   There were no lands owned by the defendants, answering the description in the contract. It must be assumed that the defendants entered into the contract under a mistake as to the location and description of the Texas lands.   The plaintiff on the trial disclaimed any fraud on the part of the defendants, or that he was entitled to any relief on the ground of deceit.   It is inferable from the evidence that the defendants had a paper title, at least, to lands in Texas, but they were not located as described in the contract, or in the same county with the lands therein men-

tioned. The plaintiff's right to recover the expenses incurred by him must rest upon one of two grounds, fraud, or warranty. Fraud is not claimed. There is no warranty in terms that the defendants owned the lands described in the contract, and none, we think, can be implied. The plaintiff's agreement was conditional and not absolute. Doubtless both parties acted upon the belief and supposition that the defendants owned land in Texas, as described. In this they were mistaken. The plaintiff has been subjected to trouble and expense. But this alone gives no ground of action. The subject to which the contract related had no existence, but it must be assumed upon the case as presented, that the defendants were innocently mistaken in respect to it. If the defendants had owned the land described in the complaint, Tevis might not have approved of the exchange, in which case the same expenses might have been incurred by the plaintiff, and the same loss sustained of which he now complains. There was no wrong intended, and no legal wrong suffered by the plaintiff.

We think the order should be affirmed and judgment absolute ordered for the defendants on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.