| 46 | 227 |
| 74 | 583 |
| 46h | 227 |
| 39 Mis°507 |

# EDWIN F. RAYNOR, APPELLANT, *v.* DORE LYON, RESPONDENT.

*Restrictions as to the use of premises conveyed — the owners of other lots held under like restrictions may enforce it — the original grantor cannot release a lot owner from such restrictions — counsel fees and disbursements incurred in examining a title found to be defective, may be recovered from the vendor.*

Upon the trial of this action, brought for the specific performance of a contract for the sale of two lots in the city of New York, by which the plaintiff was bound to deliver to the defendant a deed containing a general warranty and the usual full covenants for the conveying and assuring to him the fee simple of the premises, free from all incumbrances, it appeared that Nathaniel Jarvis, Jr., while owing the whole of the block, in which the lots to be sold were situated, caused it to be laid out into lots, and conveyed such lots on or about June, 1852, to different purchasers. In each of the several deeds so made and executed by him was a condition, covenant or stipulation by which the grantee, for himself, his heirs, executors, administrators and assigns, covenanted to and with the said party of the first part his heirs, executors, administrators and assigns, "that he shall and will not permit upon the said above granted or described premises or any part thereof, any slaughter-house * * * or any

other noxious, unwholesome, offensive or dangerous establishment, calling, trade or business."

In 1869 the two lots in question in this action were conveyed back to Jarvis by full covenant warranty deeds not reserving or containing the said qualifications or restrictions. In the same year he conveyed the same lots to one Brown by a deed, containing a clause making the premises subject to the said covenant by a reference to the original deed from the grantor, and thereafter Brown conveyed the same premises to one Selmes by a deed containing the same clause, and took back a mortgage thereon which did not mention or refer to the said covenant, which mortgage was subsequently foreclosed, the plaintiffs title being founded on the sale had thereunder.

Held, that the purchasers from Jarvis acquired, by their deeds, the right to insist upon the observance of this covenant as stipulated by the other owners.

That, as the deeds containing the reservations were a part of the record title of the property, the covenants contained therein could not be changed or materially affected by the execution and delivery of the mortgage in the form in which it was made and its subsequent foreclosure.

That it was not within the power or authority of Jarvis, after the contract had been entered into for the conveyance of these lots, to release the property from the effect of these restraints. as he attempted to do by a release which was executed by him on July 9, 1886.

That the existence of these restrictions upon the use of the premises was an encumbrance, and that the defendant was not obliged to accept or receive the title.

Gilbert v. Peteler (38 N. Y., 165) followed.

That a judgment dismissing the complaint and permitting the defendant to recover from the plaintiff the sum of $137, paid for counsel fees and disbursements in the examination of the title, should be affirmed.

Dey v. Nason (100 N. Y., 166) distinguished.

APPEAL from a judgment recovered on the trial of this action, at the Special Term, dismissing the plaintiff's complaint.

James M. Fisk, for the appellant.

Frederick H. Man, for the respondent.

DANIELS, J.:

The action is for the specific performance of a contract made by the plaintiff with the defendant for the sale and purchase of two lots of land on the southerly side of One Hundred and Forty-third street, in the city of New York. By the agreement which was executed, the plaintiff was bound for its performance to deliver to the defendant a deed containing a general warranty and the usual full covenants for the conveying and assuring to him of the fee simple of the

premises free from all encumbrances. The defendant resisted the action upon the alleged ground that the deed which had been tendered would not convey the premises as it was agreed they should be in the contract, free from all encumbrance. To maintain this defense, it was proved that Nathaniel Jarvis, Jr., on the 1st of June, 1852, was the owner of the block in which the lots are situated which the plaintiff had become bound to convey. Jarvis had laid the block out into lots and conveyed such lots to different purchasers on or about the 1st of June, 1852. In each of the several deeds made and executed by him was a condition, covenant or stipulation against nuisances or other offensive erections upon the lots sold and conveyed. This was inserted in the following language:

"And the said party of the second part, for herself, her heirs, executors, administrators and assigns, doth hereby covenant to and with the said party of the first part, his heirs, executors, administrators, that she shall and will not permit upon the said above granted or described premises or any part thereof, any slaughter-house, smith shop, forge, furnace, steam engine, brass foundry, nail or other iron factory, sugar bakery, cow stable, hog pen or any soap, candle, oil, starch or lamp black factory, or at any manufactory of glue, varnish, vitriol, ink or turpentine or for the tanning, dressing or preparing skins, hides or leather, or any brewery, distillery, or any other noxious, unwholesome, offensive or dangerous establishment, calling, trade or business."

And it was made a part of the conveyance by Nathaniel Jarvis, Jr., of the two lots in controversy in this action. It was held at the trial that these lots were still subject to that restriction placed upon their use, notwithstanding the fact that they had been conveyed back to Jarvis in 1869, by full covenant warranty deeds not reserving or containing these qualifications or restrictions. But after that, and in the same year, Jarvis conveyed the same lots again to Isaac T. Brown, and in the deed was inserted the following clause:

"Subject to the covenant against nuisances as fully described and contained in a deed dated 1st of June, 1852, from Nathaniel Jarvis, Jr., of the first part, and Mary Faraly of the second part, and recorded in the office of the register of the city and county of New York in liber 605 of conveyances, page 215." And the deed to her contained the covenant which has already been quoted.

It is probably not very important in the decision of the appeal to place much weight or effect upon this clause in the last deed, for, by the original conveyances made in June, 1852, the deeds executed for the different lots had subjected their use to such restraints as to prevent either of the grantees from devoting his property to any of the purposes forbidden by the stipulation, covenant or condition in his deed. While that was in form a covenant or stipulation, with the grantor in the several deeds, it was evidently not designed to be made for his benefit farther than it might be applicable to any portion of the block he might retain; but it was for the benefit of the persons acquiring the title to the several lots in this block. It was a reciprocal inducement to each purchaser to take the title, for by the form given to the several deeds the respective grantees were so restricted in their use of the land as to prevent them from appropriating it to the purposes prohibited in the deed. While the covenant or agreement was made with the grantor, it was manifestly for the benefit of whoever should become the owners of the other portions of the block. They had the right to purchase as they did, upon the understanding that neither of the lots conveyed could be used or devoted to either of these prohibited objects. So much of the deeds relating to these subjects was for the benefit of each of the other purchasers, and they had the right to insist upon the observance of these restrictions in the conveyance by Jarvis, as these restraints were for their benefit as purchasers of the property. They acquired by their deeds the right to insist upon the observance of these covenants or stipulations. To construe and carry them into effect, it is necessary to stand in the position of the parties at the time when the deeds were executed and delivered, and to carry out their mutual design in submitting to the acceptance of such restrictions in the instruments delivered to them respectively.

Cases quite similar in their effect to the present controversy have not unfrequently been before the courts. And deeds of property made substantially in this manner have been required to be observed in favor of the purchasers taking title in reliance upon the fact of such observance. (*Hills* v. *Miller*, 3 Paige, 254; *Barrow* v. *Richard*, 8 id., 351; *Curtiss* v. *Ayrault*, 47 N. Y., 73; *Cole* v. *Sims*, 23 Eng. Law & Eq., 584; *Whatman* v. *Gibson*, 9 Simons, 196; *Mann* v. *Stephens*, 15 id., 377; *Tulk* v. *Moxhay*, 2 Phillips, 775;

*Brouwer* v. *Jones*, 23 Barb., 153; *Gibert* v. *Peteler*, 38 N. Y., 165 and *Trustees, etc.* v. *Lynch*, 70 id., 440.) Where it was held that: "An easement in favor of, and for the benefit of lands owned by third persons, can be created by grant, and a covenant by the owner, upon a good consideration, to use, or to refrain from using, his premises in a particular manner, for the benefit of premises owned by the covenantor, is, in effect, the grant of an easement, and the right to the enjoyment of it will pass as appurtenant to the premises in respect of which it was created. Reciprocal easements of this character may be created upon the division and conveyances in severalty to different grantees of an entire tract, and they may be created by a reservation in a conveyance, by a condition annexed to a grant, or by a covenant, and even a parol agreement of the grantees." (Id., 447.) And this principle was followed in *Lattimer* v. *Livermore* (72 N. Y., 174), and is sanctioned by the decisions in *Clark* v. *Martin* (49 Penn., 289) and *Trusston* v. *Minke* (32 Md., 487). The reference in the deed from Jarvis to Brown in 1869, exhibited the purpose of the parties to be to subject this deed to the covenants or reservation mentioned in the original deed of one of these two lots. And the conveyance from Brown to Reeves E. Selmes, contained the same clause; and the fact that the mortgage was given back to Brown without mentioning or referring to it, and that the title was finally obtained by a foreclosure of that mortgage, did not change or modify the obligation to which the premises had in this manner been subjected. The deeds containing the reservations as part of the record title of the property, could not be changed or materially affected by the execution and delivery of the mortgage in the form in which it was made and its subsequent foreclosure. For the land had already been subjected to these restraints.

Neither was it within the power or authority of Mr. Jarvis, after the contract had been entered into for the conveyance of the premises, to release the property from the effect of these restraints by the release executed by him on the 9th of July, 1886. He at that time had no interest in either of the lots, or any part of the block, so far as the case contains information on this subject. And as these reservations, restrictions or covenants, were made for the benefit of the property, and inured in favor of the persons who became the respective owners of it, he could not discharge any part

of it from these restrictions.   And as that under the case of *Gilbert*
v. *Peteler* (*supra*), created an encumbrance upon the lots which the
defendant agreed to purchase from the plaintiff, he was not in a
condition to perform the agreement which had been made by him,
and the defendant was not obliged to accept or receive the title
which was offered him.

By the judgment dismissing the complaint the defendant has
been permitted to recover the sum of $137, paid for counsel fees
and disbursements in the examination of this title.   And by way
of supporting so much of the appeal as includes that sum, the
right of the court to award this compensation has been denied on
the part of the plaintiff, and the case of *Dey* v. *Nason* (100 N. Y.,
166), is cited as maintaining that position, but it certainly does not,
for there the defendant had incurred no obligation in the contract
subjecting him on any contingency whatever to the payment of the
expenses which were there rejected, while here he bound himself
to convey the title to the lots in fee simple, free from all incum-
brances.   That, he was incapable of doing, and the defendant was
entitled by way of indemnity to recover the expenses incurred in
ascertaining that fact.   The judgment was right and it should be
affirmed with the usual costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.