WILLIAM J. NORTHRIDGE, Appellant, *v.* ANSON B. MOORE, Respondent.

*It seems* it is only where the vendor in a contract for the sale and conveyance of land is chargeable with bad faith that the vendee is entitled, upon breach of the covenant to convey, to recover damages measured by the goodness of his bargain or the financial benefit which would have resulted from performance.

The vendee, however, may recover back purchase-money paid by him and such expenses as he has reasonably incurred in examination of the title. The parties entered into a contract by which defendant agreed to convey to plaintiff certain real estate. It was known by plaintiff that defendant at the time had no title to the property; the latter contracted in good faith, relying upon a contract on the part of another to convey the premises to him, and both parties believed that defendant would acquire title before the time stipulated for the conveyance. Defendant was unable to perform by reason of the failure of the party who had agreed to convey to him to fulfill his contract. In an action to recover damages plaintiff recovered the expenses incurred in examining the title, with interest. *Held,* no error; that, although plaintiff was aware at the time of making the contract that defendant did not have the title, yet as both parties supposed he would obtain it, the reasonable expense of examining such title might be regarded as in the contemplation of the parties. *Dey* v. *Nason* (100 N. Y. 166), distinguished.

(Argued January 17, 1890; decided January 31, 1890.)

Appeal from order of the General Term of the Court of Common Pleas in the city of New York, made the first Monday of May, 1887, which reversed a judgment in favor of the plaintiff, entered upon a verdict and granted a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*John J. Macklin* for appellant. An appeal lies to this court from the order granting a new trial. (*Harris* v. *Burdett,* 73 N. Y. 136; Baylies on New Trials, 281.) The damages sustained by plaintiff in consequence of the defendant's breach were the moneys expended in the examination of title. (*Wohlfarth* v. *Chamberlain,* 6 N. Y. S. Rep. 207; *Cockroft* v. *N. Y. & H. R. R. Co.,* 69 N. Y. 201; *Sickel* v. *Cohen,* 7 N. Y. S. R. 54; *Moore* v. *Williams,* id. 83.)

*Moore & Moore* for respondent. It is submitted that the plaintiff's right to recover the expenses incurred by him as alleged in his complaint must rest upon one of the two grounds, fraud or warranty. Neither of which grounds are claimed or presented by the case at bar. The judgment against the defendant was properly reversed. (*Dey* v. *Nason,* 100 N. Y.

166 ; *Conover* v. *Weaver*, 20 id. 140 ; *Pumpelly* v. *Phelps*, 40 id. 60–65 ; *Cockroft* v. *N. Y. & H. R. R. Co.*, 69 id. 201–204 ; *Frost* v. *Raymond*, 2 Caines, 188 ; 1 Fonb. Eq. 366–370$n$; *Abbott* v. *Allen*, 2 Johns. Ch. 523.) The covenant as to title must be expressed in terms and cannot be implied. (*Chesterman* v. *Gardner*, 5 Johns. Ch. 32 ; 4 Cruise's Dig. 90 ; Cooper's Eq. Rep. 311 ; *Hiern* v. *Mill*, 13 Ves. 114 ; 1 Fonb. Eq. 273$n$; *Dorsey* v. *Jackman*, 1 S. & R. 42.) The charge of fraud must be a distinct allegation of the complaint; otherwise it is not deemed an issue, and cannot affect the contract. (5 John. Ch. 33–83 ; *James* v. *McKernon*, 6 Johns. 543.) A purchaser buying with full notice of defect in the title, will not be relieved by the court. (13 S. & R. 386 ; 1 Fonb. Eq. 270, 276$n$; 2 Wheat. 13 ; *Craddock* v. *Shuley*, 3 Marsh. 288 ; *Hart* v. *Porter*, 5 S. & R. 204 ; *Pennsylvania* v. *Sims*, Addis. 9.)

BRADLEY, J. The action was brought to recover damages for the alleged breach by the defendant of a contract, by which he agreed to sell to the plaintiff, and convey to him by a full covenant warranty deed, certain premises situated in the township of Raritan, county of Monmouth and state of New Jersey. At the time designated for the completion of the sale the plaintiff was ready to perform the contract on his part, but the defendant was unable to convey the title to the premises, and a breach on the part of the latter was conceded at the trial. The plaintiff recovered $82.55, and interest, the amount of expenses incurred by the plaintiff in causing the examination of the title to be made. At the time the contract was made the defendant had no title to the property, but relied upon the performance by another who had by contract, made about the same time, undertaken to convey the premises to him, and it was by reason of the failure of that party to do so that the defendant was unable to make the conveyance to the plaintiff. The defendant made the contract in good faith, and had the purpose to perform it, and the plaintiff then understood that the defendant did not have the title, but was

informed and believed, at the time the contract was made, that the defendant would be able to procure it before the stipulated time for performance.

The vendee in a contract for the sale of land is not ordinarily entitled, upon breach, on failure to convey, to recover of the vendor damages measured by the goodness of his bargain or the financial benefit which would result from performance, and it is only when the vendor is for some reason chargeable with bad faith in the matter that recovery beyond nominal damages on that account can be had. If the vendee has paid any of the purchase-money he may recover that back, and he may also recover such expenses as he has reasonably incurred in examination of the title to the property. This is the general rule. (*Conger* v. *Weaver*, 20 N. Y. 140; *Cockcroft* v. *N. Y. & H. R. R. Co.*, 69 id. 201; *Leggett* v. *M. Ins. Co.*, 53 id. 394.)

It is contended on the part of the defendant that the fact that it was known to the plaintiff, as well as the defendant, that the latter did not have the title when the contract was made, did not permit the plaintiff to charge the latter with the expense of looking up the title to the property. The implied warranty of title in the vendor, which usually attends an executory contract for the sale of real property (*Burwell* v. *Jackson*, 9 N. Y. 535), is not applicable to this case, as the plaintiff was advised that the defendant did not have it when he made the contract. But it is not seen that such fact necessarily has any importance upon the question under consideration. The expectation and belief on the part of the plaintiff of performance by the defendant, which must be assumed in this case, may have furnished the same reason to the plaintiff for ascertaining the condition of the title as would have existed and induced him to examine it, if the vendor had assumed to be the owner at the time he made the contract.

The vendee in such a contract as this is not required to take anything less than a good marketable title, and the precautionary means of ascertaining about it, by examination, before parting with the purchase-money and accepting conveyance;

are properly made available by way of protection, and unless an understanding in some manner appears to the contrary, the examination of the title by the vendee, and the reasonable expense of making it, may be regarded as in the contemplation of the parties and treated as properly incidental to the contractual situation, and consequently the amount of such expense may, in the event of failure of the vendor to convey, be deemed special damages resulting from the breach and recoverable as such. (*Bigler* v. *Morgan*, 77 N. Y. 312.)

While the facts alleged in the answer, if established, may have relieved the defendant from liability for this expense of investigating the title, the facts as represented by the evidence do not furnish any reason for the modification, as applicable to this case, of the doctrine before stated. The defense is not aided by *Dey* v. *Nason* (100 N. Y. 166). There the contract to sell and convey the land referred to in it never became binding as such, and whether it should become effectual was made dependent upon the approval by a third party designated by the contracting parties. And in that view Judge ANDREWS, in delivering the opinion of the court, very properly remarked: "If the defendants had owned the land described in the complaint, Tevis might not have approved of the exchange, in which case the same expense might have been incurred by the plaintiff and the same loss sustained of which he now complains." In the case at bar the contract was, so far as appears, made by the parties in good faith, and they respectively assumed the obligation to perform it. The consequences of the breach were such as to justify the result given by the trial court.

The order should be reversed and the judgment entered on the verdict affirmed.

All concur.

Ordered accordingly.