ELLIS et al. v. SALOMON et al.

(Supreme Court, Appellate Division, Second Department.  January 11, 1901.)

1. SPECIFIC PERFORMANCE—CLAIM TO SURPLUS ON FORECLOSURE.

    Defendant, owning the equity of redemption in lands, which were about to be sold under a foreclosure judgment, contracted to convey the lands to claimant, subject to a mortgage to run two years, in exchange for certain specified lands and $1,000.  Defendant failed to buy in the lands at the foreclosure sale, being outbid by an outsider.  After the sale claimant made a tender, and demanded a deed, and on refusal claimed the surplus arising on the sale.  Claimant knew of the impending sale when the contract was made.  Held, that claimant was not entitled to enforce specific performance against the surplus, since specific

67 N.Y.S.—65

performance of a contract to convey lands will not be granted when vendor is unable to perform on account of a defect in the title.

2. SAME—BREACH OF CONTRACT—DAMAGES — TRIAL ON WRONG THEORY — AP-PEAL—REVERSAL.

Where an attempt was made to enforce specific performance of a contract to convey real estate against the surplus resulting from a foreclosure sale of the premises, and the reference in the surplus proceedings did not proceed on the theory that the claimant might be entitled to a part of such surplus as damages, but only by way of specific performance, and the court held that specific performance, as such, could not be had, and awarded the surplus to the former owner, the appellate court will reverse the order, and remit the proceedings to the referee to pass on the question of damages sustained by the failure to convey.

Appeal from special term, Kings county.

Action by Annie Ellis and others against Catherine F. Salomon and others to foreclose a mortgage, in which Jennie Heinemann applied to have the surplus arising on foreclosure sale paid to her. From an order of the special term awarding such surplus to defendant Salomon, claimant, Heinemann, appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Sidney V. Lowell, for appellant.
Hugo Hirsh, for respondent.

JENKS, J. This is an appeal by Mrs. Heinemann from an order of the special term sustaining the exceptions to a report of a referee in surplus proceedings, and directing payment of the surplus to Mrs. Salomon. On July 6, 1900, Mrs. Salomon and Mrs. Heinemann made a written contract, whereby the former person agreed to exchange the premises in suit for certain premises of the latter person and $1,000. The date set for performance was July 16, 1900. At the time of signing the contract, Mrs. Salomon's realty was advertised for sale on July 12, 1900, pursuant to a decree of foreclosure and sale under the mortgage of the plaintiff. This fact was known to Mrs. Heinemann, who acted throughout by her husband. The contract did not provide for this mortgage, but made the premises subject to a mortgage for $5,000, at 5 per centum, "to run for two years." It was probably the purpose of Mrs. Salomon to substitute such incumbrance, if possible, for the outstanding liens. When Mrs. Heinemann signed the contract, she knew (for her husband, who says that he acted as her agent, knew) of the foreclosure sale set for July 12th, six days thereafter. The sale took place on that day. Mrs. Salomon attempted to purchase, but failed, and the premises were sold to an outsider. The attempt, the failure, and the sale to an outsider were known to Mrs. Heinemann on the day thereof. Four days thereafter, and upon the day named in the contract, Mrs. Heinemann tendered her deed and the $1,000, and demanded performance by Mrs. Salomon, who defaulted. The foreclosure sale produced a surplus, and the usual order of reference was made. Several persons, including Mrs. Salomon and Mrs. Heinemann, appeared before the referee and claimed the surplus. The attorneys of these two claimants stipulated that "the suit now pending between Mrs.

Heinemann and Mrs. Salomon be discontinued, and that the referee may determine who is entitled to the surplus money herein, as between them, as fully as could be done for [sic] a suit brought for that purpose." No further mention of "the suit" is made in the record. The referee reported that, after application to several prior liens, the balance of the surplus should be paid to Mrs. Heinemann. The special term sustained the exceptions taken to the report, and ordered that such payment should be made to Mrs. Salomon.

The surplus money stands in the place of the land, and the right of the appellant must be founded upon some lien. Albro v. Blume, 5 App. Div. 309, 39 N. Y. Supp. 215; Fliess v. Buckley, 90 N. Y. 286; People v. Bacon, 99 N. Y. 275, 278, 2 N. E. 4. In Nutt v. Cuming, 155 N. Y. 309, 49 N. E. 880, the court, per Haight, J., say: "It is the lien existing at the time of the sale that is transferred to the surplus moneys arising therefrom. If at the time no lien exists, there is nothing which can be transferred to the fund." The claim of the appellant necessarily is based upon the doctrine of specific performance. I assume that the referee had jurisdiction to pass upon her claim. Bergen v. Carman, 79 N. Y. 146; Thomas, Mortg. 685. The theory of the appellant must be that from the time of the execution of the contract equity regards her as the owner of the land, and Mrs. Salomon as the owner of the consideration. It is true that a vendee may have partial specific performance by the vendor, with compensation. Harsha v. Reid, 45 N. Y. 415; Bostwick v. Beach, 103 N. Y. 414, 9 N. E. 41. But the appellant well knew that when she began "suit," and when she filed her claim and sought to substantiate it in the surplus proceedings, specific performance by Mrs. Salomon was impossible. Formerly, a court of equity would not entertain a suit for specific performance if at the time of the commencement thereof specific performance was impossible, and this fact was then known to the plaintiff. Hatch v. Cobb, 4 Johns. Ch. 559; Kempshall v. Stone, 5 Johns. Ch. 193; Morss v. Elmendorf, 11 Paige, 277; Sternberger v. McGovern, 56 N. Y. 12. In Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298, the court, per Haight, J., say:

"It is a general rule in equity that the specific performance of a contract to convey real estate will not be granted when the vendor, in consequence of a defect in his title, is unable to perform. In such cases specific performance is denied because the court cannot enforce its judgment, and because also it would be oppressive to the vendor. But if the defect in the title existed at the date of the contract, or was due to some fault or to some act of the vendor subsequent to the contract, the court will generally entertain an action for specific performance, and retain jurisdiction for the purpose of awarding damages for the breach of the contract."

I think that the doctrine of a specific performance cannot avail the appellant, and the only question presented is whether jurisdiction should be retained for the purpose of awarding damages, if any can be shown. This reference did not proceed on the theory that any claim that the plaintiff might have upon this surplus was by way of damages. There is authority that only when the vendor is, for some reason, chargeable with bad faith that any recovery beyond nominal damages can be had. Northridge v. Moore, 118 N. Y. 419, 23 N. E. 570; Walton v. Meeks, 120 N. Y. 79, 23 N. E. 1115. The

husband of Mrs. Heinemann, who testified that he acted throughout
as her agent, was asked:

"Q. Is there any claim on your part or on your wife's that Mrs. Salomon
acted in bad faith in carrying out this contract? A. I simply desire to say
that she permitted an outsider to outbid her, because she was not prepared
to put up the ten per cent. which the auctioneer demanded. * * * Mr.
Newman, her attorney, bid on the property up to a certain amount, and then
stated he could go no further."

In such a case, however, it is settled that, "if the vendee has paid
any part of the purchase money, he may recover it back, and he
may also recover such expenses as he has reasonably incurred in the
examination of the title to the property." Northridge v. Moore, su-
pra. In this last-mentioned case both parties knew that the title
was not in the vendor when the contract was made. We do not in-
tend absolutely to foreclose the learned referee, but we deem it
proper to call some of the authorities to his attention. It may be
that previous to the time when the foreclosure sale was made the
appellant in good faith incurred reasonable expenses incident to the
examination of the title. Inasmuch as the reference was conducted
on an entirely different theory than that which seems proper to us,
I think that it should be continued within the lines suggested by
this opinion, rather than that we should attempt to determine the
question on testimony offered upon the theory in question. The
order of the special term should be reversed, and the proceedings re-
mitted to the referee, to pass solely upon the question of what dam-
age, if any, the appellant has suffered in consequence of the breach
of contract. I think that the learned special term was entirely cor-
rect in holding that there could be no specific performance, and no
rights asserted by the appellant that rest upon that doctrine can be
recognized in this proceeding. The order of the special term should
be reversed, and the proceeding remitted to the same referee as
indicated.

Order reversed, with $10 costs and disbursements, and proceedings remitted
to the same referee to examine, and report to the special term, in accordance
with opinion of JENKS, J. All concur, except SEWELL, J., taking no part.