### TAYLOR v. DUTCHER et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

MECHANICS' LIENS—RELINQUISHMENT—AGREEMENT—EFFECT.

Defendant, the holder of a mechanic's lien, and other lienholders, agreed that the owner should pay $500 of a certain amount due on a mortgage loan to the owner to defendant, and the balance to the other lienholders, and that on receiving such payments they would relinquish their liens. *Held*, that by accepting the $500 defendant's status as a lienor ceased, and hence he was not entitled to share in a surplus arising on the subsequent foreclosure of the mortgage.

Appeal from special term, Westchester county.

Action by John B. Taylor against Charles W. Dutcher, James V. Lawrence, and another. From an order overruling defendant Lawrence's exceptions to the report of a referee, he appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Ralph Earl Prime, Jr., for appellant.
Frederick W. Clark, for claimant.

JENKS, J. This is an appeal from an order of the special term confirming the report of a referee in surplus proceedings supplemental to a sale of the premises of Dutcher under foreclosure of his mortgage to Taylor for $5,000. There are three claimants, of whom only Mr. Lawrence appeals. His claim is based upon a mechanic's lien for $605, filed July 28, 1898. In October, 1898, Mr. Lawrence's firm and George I. Roberts & Bros., Incorporated, executed and delivered to Dutcher the following:

"We, the undersigned, creditors of and lienors against Charles W. Dutcher and his building at Tuckahoe, hereby severally agree and consent that John D. Taylor may, notwithstanding our respective liens, or any others heretofore given by Mr. Dutcher to us, or any of us, pay and distribute the balance to the credit of said Dutcher upon the bond and mortgage of said Dutcher to said Taylor, to wit, the sum of $935, as follows: $500 to Lawrence Bros., $175 to Lawrence and Conklin, $200 to Roberts Bros.; and that upon said payments respectively we will execute proper satisfactions of our respective liens, and deliver the same to said Dutcher, and relinquish all claim against said Taylor."

There is no dispute that the $500 was paid to Mr. Lawrence. Subsequent thereto these foreclosure proceedings were begun. The learned referee found that the execution and performance prevented Mr. Lawrence from making any claim as a lienor in these proceedings. The surplus moneys stand in the place of the land, and the right of

the appellant to share therein must be founded upon some lien thereon existing at the time of the sale. Ellis v. Salomon, 57 App. Div. 118, 67 N. Y. Supp. 1025, and cases cited. There is evidence to sustain the finding of the referee, no such preponderance thereof as would justify a reversal upon the facts, while his conclusion is, I think, warranted by the law. I think that when Mr. Lawrence executed the consent and accepted the payment provided for he ceased to have status as a lienor, and that, therefore, he cannot be heard as a claimant to the surplus.

The order is affirmed, with $10 costs and disbursements. All concur.