(109 App. Div. 846)

## CORRIGAN v. FUNK.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. TRIAL—EXCEPTIONS—RULINGS ON EVIDENCE.

Where the court distinctly states that it will exclude a certain class of evidence, and permits an exception to be taken to such ruling, without requiring the precise questions to be put, the exception presents the correctness of the court's ruling.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1282; vol. 46, Cent. Dig. Trial, § 258.]

2. SAME—REMARKS OF COURT—INVADING PROVINCE OF JURY.

It is an invasion of the province of the jury where, in an action for failure to make title to land, plaintiff having sought to prove its value by an expert, who, while testifying to his familiarity with it and his knowledge of sales of property in the neighborhood, had not made any sales himself, and defendant having sought to prove its value by experts who testified to making sales of property in the neighborhood, the court repeatedly in effect stated that, if the jury did not accept the value given by defendant's witnesses, their verdict would be set aside.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 439, 450, 451.]

Appeal from Trial Term, Kings County.

Action by Thomas Corrigan against Isaac K. Funk. From an adverse judgment, and from an order denying a motion for new trial, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

William C. Beecher, for appellant.

Wm. Hepburn Russell (Wm. Beverly Winslow and John E. Ruston, on the brief), for respondent.

MILLER, J. The plaintiff and defendant entered into a contract for the exchange of certain real property; the defendant agreeing to convey to the plaintiff two parcels upon which a valuation of $18,000 was put for the purposes of the contract, and the plaintiff agreeing to convey to the defendant one parcel valued, for the purposes of the contract, at $39,000. When the time came for closing title, a defect in the title of one of the parcels to be conveyed by the defendant was discovered, and deeds of the other two parcels were exchanged, the consideration in the deed from the defendant to the plaintiff of the parcel with the good title being stated at $15,000; and a supplementary agreement was made, in which the plaintiff agreed to accept partial performance and to give a reasonable adjournment to enable the defendant to make complete performance in consideration of the defendant's agreement to perfect the title to the remaining parcel and convey the same to the plaintiff. After several adjournments and extensions of time had been granted, the defendant being unable to perform further, this action was brought by the plaintiff to recover damages for such partial failure of performance; and the only question litigated on the trial was the question of damages.

Plaintiff contends that the court erred in holding as matter of law

that the plaintiff was not entitled to recover the difference between the sum of $15,000, the consideration stated in the deed of the parcel conveyed, and the sum of $18,000, the valuation of the two parcels stated in the original agreement. While ordinarily in such an action the plaintiff is entitled to recover back the purchase price, this is not a case of purchase and sale, and it is expressly stated in the original agreement that the valuations are stated for the purpose of the contract of exchange, and while the plaintiff undertook to show, by subsequent conversations between the parties and their agents, that the sum of $3,000 was fixed by agreement between the parties as the value of the parcel not conveyed, we think the trial court was right in holding that the evidence failed to establish any thing more than an agreement fixing the price for the sole purpose of carrying out the contract of exchange. The correct measure of damages was the value of the property, together with such reasonable and necessary expenses as the plaintiff incurred in the attempted performance of the contract; and the supplementary agreement expressly provided that the defendant should reimburse the plaintiff for any reasonable expense incurred by reason of the change in the contract and manner of performance and the adjournment and delay.

While the plaintiff's counsel was attempting to prove the damages sustained by the plaintiff by way of expenses incurred, the following dialogue occurred:

"Plaintiff's Counsel: Then your honor excludes all the items of expense—as to the legal expenses incurred by the attorney?

"The Court: Yes; but that is all that I have in mind. I have nothing in mind except the commissions and expenses of examining title.

"Plaintiff's Counsel: Your honor excludes the evidence of the apportionment of taxes and interest?

"The Court: Yes; I exclude that.

"Plaintiff's Counsel: Then your honor will exclude, I suppose, what he paid for the searching of that title?

"The Court: Yes.

"Plaintiff's Counsel: And the proportionate part of the brokerage?

"The Court: I will exclude that.

"Plaintiff's Counsel: As to those we except."

The court, in its charge, limited the damages by way of reimbursement for expenses incurred to the reasonable value of the services of the attorney employed by the plaintiff upon the different adjournments, to which an exception was taken. We do not understand the learned counsel for the respondent to argue seriously that the plaintiff was not entitled to recover the reasonable and necessary expenses incurred in the examination of the title, and certainly the law is well settled in this state that such expenses are recoverable. Northridge v. Moore, 118 N. Y. 419, 23 N. E. 570. But it is argued that the exception does not present a question for review, for the reason that no question was asked calling for a ruling. The trial court is not obliged to rule on offers, and it is undoubtedly the better practice to require the exceptions to be taken to the rulings upon objections to questions put, thus presenting the precise question sought to be raised; but where the court has distinctly stated that it will exclude a certain class of evidence, and has permitted an exception to be taken to such ruling with-

out requiring the precise questions to be put, we think the exception presents the correctness of the court's ruling. There can be no doubt, from the colloquy quoted, that the court intended its statement to be understood as a distinct ruling upon the question, and permitted the exception to be taken to the ruling for the purpose of obviating the necessity of taking the time necessary to raise the question upon the record by question, objection, answer, and ruling. If the court did not so intend, when the exception to the remark was taken, the court should have distinctly advised counsel that he could only raise the question by question and exception to the ruling, excluding the evidence.

The plaintiff sought to prove the value of the property by an expert witness, who testified to his familiarity with the property and to his knowledge of sales of property in that neighborhood, but who had not actually made any sales himself. The defendant sought to show the value of the property by expert witnesses who testified to having made actual sales of property in the neighborhood. The court in its charge, immediately after referring to the defendant's witnesses as having been "selling property down there for the last three or four years," and to the fact that their testimony was corroborated by the evidence of the prices for which property had actually been sold, said:

"So the court can very well see, when your verdict comes in, whether you have obeyed or whether you have disregarded the court's injunction."

Plaintiff's counsel requested the court to charge the jury:

"That they are to say which of the opinions of the experts they shall give credit to, and which opinion they will believe."

To which the court replied:

"That is for them to say, but it is for the court hereafter to observe whether that finding is according to the weight of evidence."

And an exception was taken to the modification. Exception was also taken to the remark made by the court in the main charge quoted supra, and in taking the exception the plaintiff's counsel said:

"I submit that is an intimidation of the jury."

To which the court replied:

"No; the jury is perfectly free to act, but I caution them not to waste either their time, which the public has to pay for, or mine, which the public has to pay for, in a trial which goes for nothing."

After the plaintiff's counsel had excepted to said remark the court further said:

"It is the duty of the court, where it can see that the jury has disobeyed its injunctions, to set aside what they have done."

To which remark an exception was also taken.

The court might just as well have told the jury that, if they did not accept the value given by the defendant's witnesses, their verdict would be set aside, and the jury practically obeyed the injunction, because the verdict rendered is only slightly more than the amount named by said witnesses, together with the legal expenses incurred in connection with the different adjournments testified to by the plaintiff's wit-

ness. Such invasion of the province of the jury should not be disregarded in this court, unless at least a verdict ought to have been directed in the first instance.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

(109 App. Div. 850)

## POPADINEC v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE.

    In an action for personal injuries, plaintiff claimed to have received permanent injuries to his eyesight, and testified that after the accident he had been unable to perform any work. A verdict was rendered for plaintiff, and afterwards defendant moved for a new trial, on the ground of newly discovered evidence to the effect that after the accident plaintiff had worked at different places without apparent difficulty from defective eyesight, and that in a previous action brought by plaintiff against another defendant for personal injuries suffered at another time he had testified that his eyesight was permanently injured. Due diligence on defendant's part in preparing the case for trial, and the fact that the evidence was not discovered until after the trial, were sufficiently shown. *Held,* that a new trial should have been granted.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 226.]

    Hirschberg, P. J., and Hooker, J., dissenting.

Appeal from Trial Term, Queens County.

