### BLATE v. CLARRY.

(Supreme Court, Appellate Term. June 1, 1906.)

VENDOR AND PURCHASER—AGREEMENT TO CONVEY REAL ESTATE—BREACH—MEASURE OF DAMAGES.

    Where defendant acted in good faith, and believed, on entering into a contract for the sale of real estate, that he would be able to acquire the title thereto and comply with his contract, and the fair market value of the property was not in excess of the value which plaintiff's assignors agreed to pay, the measure of damages for breach of the contract by defendant was the amount paid on account of the purchase money and such expenses as were reasonably incurred in the examination of the title.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Maurice J. Blate against Edward J. Clarry. Judgment for plaintiff, and defendant appeals. Judgment reduced, and, as modified, affirmed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Clinton T. Roe, for appellant.

Schleimer & Schleimer (Max Schleimer, of counsel), for respondent.

GILDERSLEEVE, J. In April, 1904, the plaintiff's assignors entered into a contract with defendant by which the latter agreed to convey to said assignors, as vendees, two lots of land in Bowne Park, Flushing, Long Island, for the sum of $500. The legal title to the lot was not in the name of the defendant, nor was he the owner thereof. The defendant was unable to complete the contract by making a conveyance of the property. The court below held that the defendant was guilty of fraud in procuring the contract, and awarded the plaintiff $364 damages.

The judgment is not supported by the evidence. There is not sufficient evidence to sustain a conclusion that the vendees were induced to enter into the contract by any fraudulent representations of the defendant. It appears very clearly, from a careful consideration of all the evidence, that the defendant acted in good faith, and believed, when he entered into the contract, that he would be able to comply with its terms and convey a good title to the vendees. It further appears that the fair market value of the lots in question was not in excess of the value which the plaintiff's assignors agreed to pay. Under these circumstances the measure of damage is the amount paid on account of the purchase money and such expenses as were reasonably incurred in the examination of the title. Northridge v. Moore, 118 N. Y. 422, 23 N. E. 570. Fifty-seven dollars was paid on account of the purchase money, and $50 expense incurred in the examination of title, amounting in all to $107. The interest is approximately $13, and the costs of the court below $27.

The judgment should be reduced to $147, and, as thus modified, affirmed, without costs. All concur.