Samuel W. Eager, J.
This action by a vendee for specific performance was tried before the undersigned without a jury. It was established that the defendant, Jerome Rogers, and the plaintiff, a corporation, did, on December 4, 1953, enter into a contract in writing by which the defendant agreed to sell and the plaintiff agreed to purchase certain improved real property situate in the village of Elmsford for the sum of $40,000. The contract was received in evidence and the making .and terms thereof are not disputed. It appears, however, that, at the time of making of the contract the defendant owned but an undivided one-half interest in the property which he had contracted to sell. The other undivided one-half interest was owned by his sister Juliette Rogers. She did not sign or authorize the contract and refused to join in a conveyance of the property pursuant to the terms of the contract. Therefore, on February 2, 1954, the defendant returned uncashed the plaintiff’s check given for the down payment. The defendant refused to deliver a conveyance of the premises and took the position that he should be released *383 from the contract because he was unable to convey title to the premises. The plaintiff, however, alleges and has proved due performance of all of the conditions precedent on its part to be performed, and readiness, ability and willingness to take title and pay the price as agreed.
Now, it is clear that the defendant vrell knew at the time he entered into the contract that he owned but an undiArided one-half interest. I further find that the plaintiff corporation also had notice of this fact before the making of the contract. The president of the plaintiff corporation was well aware of the fact that defendant’s sister had an interest in the premises. He had discussed the matter with the sister; and the defendant, at the time of preliminary negotiations, expressly made knoAvn to the said president that his sister had an interest in the premises. The president of the plaintiff corporation is the one who represented it in the dealings with the defendant for the property, and he signed the contract in its behalf. Therefore, his knowledge of the sister’s title is imputable to the plaintiff corporation, the general rule being “ that the corporation is affected or charged with knowledge of all material facts of which its officer or agent receives notice or acquires knowledge while acting in the course of his employment and within the scope of his authority, even though the officer does not in fact communicate his knoAvledge to the corporation through its officers or agents or its board of directors.” (19 C. J. S., Corporations, § 1078.)
The parties expected that the defendant’s sister would go along with the contract as agreed upon between plaintiff and defendant. She, however, refused, and is not a party to the action. Therefore, the court is not in a position to decree specific performance directing defendant to convey the entire title. The court will not attempt to decree the impossible. (See 81 C. J. S., Specific Performance, § 16; Saperstein v. Mechanics & Farmers Sav. Bank, 228 N. Y. 257.)
The plaintiff, however, requests a decree of specific performance directing conveyance by defendant of his undivided one-half interest with abatement of one half of the purchase price. It is determined, however, that such a decree should not be rendered.
Now, it is to be borne in mind that the parties, at the time of the maldng of the contract, knew that the defendant OAvned but a half interest in the property. Having that knowledge, they nevertheless contracted for the conveyance by the defendant and acquiring by the plaintiff of the entire title to the premises. And, then, as per provision in the written agreement, they expressly agreed as follows; “ If the seller for any reason is *384 unable to convey a marketable title to the premises as. herein provided, then, and in such event, the seller will return to the purchaser the amount paid on account of the purchase price and also the net cost actually incurred by the purchaser for the examination of the title to the premises, which said cost is not to exceed the usual net fees of a reputable title company in affecting the examination of title in cases where insurance is not obtained, less the usual attorneys’ discount, and thereupon this contract shall terminate without other or further damage to either party as against the other.” (Italics added.)
Under special circumstances, such a provision may not bar specific performance where the purchaser is willing to overlook defects in title and pay the price in full. But, under the circumstances here, where the parties knew that the- seller possessed but an undivided one-half interest, and where, without his fault, he is unable at the time of closing to give any title whatever to the other undivided half interest, this special provision is to be taken as clear indication of the intent of the parties that the contract was to be terminated except for the seller’s obligation to return the down payment, if any, and pay title costs as agreed. The provision should be given that effect because, after all, the problem is to be solved by giving effect to the intention of the parties. In fact, to grant a decree of partial specific performance as now sought would have the effect of making and decreeing the enforcement of a contract not intended by the parties.
In any event, and independent of the existence of the above-quoted provision, it is clear that this court would not, under the circumstances here, be justified in rendering a decree compelling defendant to convey his undivided one-half interest. The contract being one for the conveyance of the entire title and the complaint being framed to secure such a conveyance, a decree for partial performance is not to be rendered unless it affirmatively appears on the trial that such a decree is proper and necessary in the interests of justice. (See Schaps v. Roberman, 140 N. Y. S. 2d 308; Siegler v. Bischof, 53 N. Y. S. 2d 657; Eickwort v. Powers, 62 Hun 622, appeal dismissed 137 N. Y. 628.) Whether or not a decree of specific performance is to be rendered in a specific case rests within the sound discretion of the court, and the circumstances here are not such as to warrant the exercise of discretion in plaintiff’s favor to grant it the decree sought.
A decree of specific performance being refused, the plaintiff claims the right to recover damages for breach by defendant of his contract to convey. It is noted that the complaint as *385 framed contains no alternative cause of action for damages. Nowhere therein is there any allegation of damage. The issue of damages was, however, litigated, and the right thereto will be considered on the merits. In this connection, I have determined, first, that a recovery of general damages for loss of the bargain is barred by the above-quoted provision of the contract. Secondly, and, in any event, under the authority of Partlow v. Mulligan, (76 N. Y. S. 2d 181 [a case somewhat in point]) and of Northridge v. Moore, (118 N. Y. 419, 422), the plaintiff is to be limited to a recovery of its down payment and expenses. Here, I find that the defendant did act in good faith, expecting his sister to go along with the deal. Therefore, the general rule laid down in Northridge v. Moore (supra), would apply, to wit: ‘‘ The vendee in a contract for the sale of land is not ordinarily entitled, upon breach, on failure to convey, to recover of the vendor damages measured by the goodness of his bargain or the financial benefit which would result from performance, and it is only when the vendor is for some reason chargeable with bad faith in the matter that recovery beyond nominal damages on that account can be had. If the vendee has paid any of the purchase-money he may recover that back, and he may also recover such expenses as he has reasonably incurred in examination of the title to the property. ’ ’
It is to be noted that the check for the down payment was not cashed and there is no proof that the plaintiff had any title examination expense. Therefore, the complaint is to be dismissed. No costs.
This will constitute the decision of the court. Submit judgment on notice.