Nathaniel T. Helman, J.
Plaintiff moves for summary judgment and for a dismissal of defendant’s counterclaim in an action on two promissory notes. The notes were issued in 1954 and became payable in 1959, the year in which this action was commenced. No question has been raised concerning the delivery or execution of the notes and the issues upon this application are limited to the counterclaim of defendant under which demands far in excess of the amount claimed in plaintiff’s suit are made. It is defendant’s claim that on February 17, 1955 it entered into a licensing agreement with respect to a patented process associated with the production of mushrooms; that plaintiff, who on that date was an officer and director of defendant corporation, in violation of his fiduciary obligation, failed to disclose that he was a part owner of the process. Causes of action are thereby asserted by defendant for (a) the share of royalties which plaintiff received by virtue of his breach of fiduciary duty, (b) damages resulting from the excessive price paid for the acquisition of the license and (c) salaries and expenses paid to plaintiff for services rendered during such period as his personal interest was in conflict with that of the corporation.
The crucial question presented by the affidavits of the parties is whether the defendant was aware of plaintiff’s interest in the patented process at the time of the making of the licensing agreement. Were the issues so raised limited to a conflict between plaintiff and defendant, the court would be constrained to deny plaintiff’s application since an issue of fact which might sustain any of the counterclaims would be sufficient to overcome the claim presented by plaintiff on the notes.
It appears, however, that factual differences have been raised in several affidavits of officers and directors of the defendant corporation. Thus, the principal affiant submitted by defendant, Lawrence W. Roberts, its president, denies knowledge of the existence of a private arrangement between plaintiff and the *545 patent holder, as does the counsel for the corporation and one of its officers, T. W. D. Duke. On the other hand, William E. Holden, a director of defendant at the time of the negotiations and a present stockholder holding 1700 shares, asserts that he “ approved of the corporation’s * * * agreement with Dr. Szuecs, being of the opinion that Mr. Wiles’ [plaintiff’s] unconcealed interest in the process did not give him unfair advantage over the corporation * * #. The corporation was expressly permitted to contact with its Directors and Officers by Clause tenth (e) of its charter.” He adds his belief that “ some or all of the Yorktown Products Corporation’s officers and other Directors knew of his interest before this date as well.” Of equal significance is the affidavit of Thomas M. Fay, vice president and secretary and a director of the corporation, who states that he, Roberts and other directors knew that Wiles had an interest in Szuec’s patent, prior to any agreement of license. Furthermore, an examination of Roberts before trial disclosed his awareness that as a result of Wiles’ earlier backing of Szuecs the latter granted him a share in ‘1 any monies that Szuecs would receive after the process was in commercial production ”. The remaining affiant upon whom plaintiff relies, T. W. D. Duke, acknowledges that he knew before the license was executed that Wiles had financed the mushroom process for years.
Thus, defendant offers, at best, the statement of two of its officials which are clearly at odds with the averments of other officers and directors of defendant corporation. The knowledge of the officers to whom disclosures are made becomes the knowledge of the corporation. A corporation is affected or charged with knowledge of all material facts of which its officers or agents receive notice while acting within the scope of their authority (19 C. J. S., Corporations, § 1078). This, even though the officer does not in fact communicate his knowledge to the corporation through its officers, agents or Board of Directors (Valley Associates Corp. v. Rogers, 4 Misc 2d 382).
The voluminous affidavits submitted by plaintiff and the numerous exhibits attached thereto demonstrate a course of conduct in the relationship between the officers of defendant, Wiles and Szuecs which strongly negate the possibility that responsible officials of the defendant were unaware of plaintiff’s interest in the Szuecs process. “ If the issue claimed to exist is not ‘ genuine, but feigned, and * * * there is in truth nothing to be tried ’ summary judgment is properly granted ” (Rubin v. Irving Trust Co., 305 N. Y. 288, 306). Accordingly, plaintiff’s motion for summary judgment will be granted and the counterclaims dismissed.