■ DAVID HURWITZ, Respondent, v EAGAN REAL ESTATE, INC., Appellant.—Mercure, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered November 27, 1989 in Greene County, which, upon reargument, granted plaintiff's

motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff offered to purchase real property and in connection therewith signed a written "offer to purchase" form prepared by defendant, the seller's real estate broker, and paid defendant a $5,000 deposit, by the terms of the instrument "to be held pending the acceptance of this offer, *at which time it shall become a part of the purchase price"* (emphasis supplied). The seller signed the "acceptance" portion of the form, by which he agreed, *inter alia,* to pay a $20,000 real estate commission to defendant, the deposit to be applied thereto, but was thereafter unwilling to convey title to plaintiff in accordance with the agreement. Defendant refused to refund the deposit, prompting plaintiff to commence this action. Defendant asserted as a defense that, by virtue of the above-stated language of the purchase agreement, the deposit had become part of the purchase price and, thus, could be retained by it, in partial satisfaction of its commission. Plaintiff's summary judgment motion for the relief demanded in the complaint was granted by Supreme Court upon reargument. Defendant appeals.

There should be an affirmance. Supreme Court did not abuse its discretion in granting reargument and, upon reargument, correctly granted summary judgment in favor of plaintiff. It is fundamental that the vendee, on the vendor's breach of a contract of sale, is entitled to the return of his payments on account of the purchase price *(see, Northridge v Moore,* 118 NY 419, 422; 62 NY Jur, Vendor and Purchaser, § 162, at 442) and the contract language relied upon by defendant does not provide otherwise. The contention that plaintiff is bound by the seller's agreement to apply the deposit to payment of defendant's commission is specious. As a final matter, we note that the denial of defendant's motion for a change of venue was not reduced to an order, has not been appealed and is now academic at any rate.

Order and judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.